IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANA MERCEDES RAMOS-RAMOS, | : | |
| Petitioner | : | |
| v. | : | CIVIL NO. 4:14-CV-01745 |
| ERIC HOLDER, et al. | : | (Judge Brann) |
| Respondents | : | |

**MEMORANDUM**

Petitioner Ana Mercedes Ramos-Ramos, a detainee of Immigration and Customs Enforcement ("ICE") has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  She challenges her continued detention by ICE pending removal from the United States.  (Doc. 1).  For the reasons set forth below, the petition is denied.

**I.    Background**

Ramos, a native and citizen of El Salvador, was deported from the United States on September 24, 2013.  (Doc. 5, Ex. 1).  On December 8, 2013 at or near Hidalgo, Texas, Ramos illegally reentered the United States and was arrested by a Border Patrol agent.  Id.  Thereafter, Ramos' previous order of removal was reinstated.  Id.  However, an asylum officer concluded that Ramos had a reasonable fear of persecution or torture if she returned to El Salvador.  (Doc. 5,

Ex. 2). Therefore, the matter was referred to an Immigration Judge for a hearing and Ramos' removal was postponed pending a hearing on the matter. Id.

On March 5, 2014, the Office of Enforcement and Removal of the Department of Homeland Security ("OERO") determined that Ramos would remain in custody pending a determination by the Immigration Judge regarding her reasonable fear claim. (Doc. 5, Ex. 3). On June 26, 2014, OERO again issued a Decision to Continue Detention pending a determination by an Immigration Judge. Id. OERO noted that a hearing was pending before a judge at that time. Id. OERO further noted that ICE was working with the government of El Salvador to obtain travel documents for Ramos' removal from the United States. Id. Consequently, Ramos' removal to El Salvador was expected to occur "in the reasonably foreseeable future[.]" Id. On September 10, 2014, OERO again determined that Ramos would remain in custody pending a hearing.[1] Id.

---

[1] Ramos' initial hearing was scheduled for April 14, 2014. (Doc. 5, Ex. 4). That hearing was adjourned to allow Ramos to obtain counsel. Id. Ramos appeared at the next hearing with counsel, but the case was adjourned to allow Ramos time to submit documentation in support of a claim for asylum. Id. On August 12, 2014, the case was postponed for unknown reasons, and on October 9, 2014, the Immigration Judge took an unplanned leave and the case was again rescheduled. Id.

**II.     Discussion**

Under 8 U.S.C. § 1231(a),[2] the Attorney General has ninety days to remove an alien from the United States after the issuance of an order of removal, during which time detention is mandatory. The ninety day removal period begins to run, inter alia, on the date the order of removal became administratively final. 8 U.S.C. § 1231(a)(1)(B). At the conclusion of the ninety day period, the alien may be held in continued detention or may be released under continued supervision. 8 U.S.C. §§ 1231(a)(3) and (6).

8 U.S.C. § 1231(a)(6) does not permit indefinite detention, but rather "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States." Zadvydas v. Davis, 533 U.S. 678, 689 (2001). "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute" although a six month detention period is "presumptively reasonable[.]" Id. at 701. At the conclusion of the six month period, if the individual is able to provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden shifts to the government to "respond with evidence sufficient to rebut that showing." Id.

---

[2] Because Ramos was ordered removed pursuant to a reinstated order of removal, this case is governed by 8 U.S.C. 1231, rather than 8 U.S.C. 1225. See, Ponta-Garcia v. Att'y Gen. of U.S., 557 F.3d 158, 160-61 (3d Cir. 2009); Dinnall v. Gonzales, 421 F.3d 247, 251 n.6 (3d Cir. 2005).

In this instance, the six month presumptive period has passed and Ramos remains in custody of ICE.  However, this does not entitle Ramos to release or a bond hearing; she must still establish that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]"  Zadvydas, 533 U.S. at 681.  Ramos has failed to sustain her burden.

Ramos has presented no evidence demonstrating that removal is not likely in the reasonably foreseeable future.  Her petition contains one reference to the likelihood of removal, and then only in the form of a conclusory statement that "I am not able to be removed in the reasonably foreseeable future."  (Doc. 1).  This statement simply is not sufficient to satisfy the burden of proof.

Contrary to this assertion, in the Decision to Continue Detention, OERO noted that "ICE is currently working with the government of El Salvador to secure a travel document for" Ramos' removal from the United States.  (Doc. 5, Ex. 3).  Aside from her own conclusory statements, Ramos has provided no evidence that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" and, as a result, she is not entitled to relief.  Zadvydas, 533 U.S. at 681.

**IV.** **Conclusion**

A review of the record reveals that Ramos has not established that she is unlikely to be removed in the reasonably foreseeable future.  Consequently, her petition for a writ of habeas corpus will be denied.

A separate Order will be issued.

BY THE COURT:

s/Matthew W. Brann
Matthew W. Brann
United States District Judge

Dated: January 27, 2015